# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOHN HENRY SANDERS                                                           PLAINTIFF

V.                                                                            NO. 4:09CV014-P-A

CORRECTIONAL CENTERS OF AMERICA, et al.                       DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of the Plaintiff's case filed under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that he has been denied "proper medical care" for an injury to his thumb. Specifically, the Plaintiff states that he originally injured his thumb playing softball in April of 2008. The Plaintiff admits he was taken to the University Medical Center for consultation with an orthopedic surgeon and received an operation to repair the injury. On July 28, 2008, the Plaintiff alleges that his thumb was slammed in a door by Officer Cage. The Plaintiff believes that this incident "reinjured" his thumb.

Thereafter, the Plaintiff contends that he completed several medical request forms. As a result the Plaintiff was seen and treated by a nurse practitioner for pain. The Plaintiff admitted received several types of medication for pain management. The Plaintiff complains that he continues to be in constant pain and has a limited range of motion in his thumb. The Plaintiff also states that he receives "inconsistent care" and is a "victim of medical malpractice" for which he is seeking monetary damages.

### Denial of Adequate Medical Treatment

In order to prevail on an Eighth Amendment claim for denial or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in

intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). Similarly, "unsuccessful medical treatment" or even "medical malpractice" do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Based on the facts of this case as presented by the Plaintiff, it is clear that he has not been denied medical care. The Plaintiff admits that he was seen by a surgeon and on several occasions received pain management treatment from a nurse practitioner. Though he is unsatisfied with the treatment he received, the Plaintiff cannot show that the Defendants were deliberately indifferent to a substantial risk of serious harm. Therefore, the Plaintiff's claim of denial of medical attention related to his injured thumb is plainly without merit and shall be summarily dismissed.

Although the Plaintiff is obviously dissatisfied with the treatment he received, the allegations in this case simply do not support a claim for 1983 relief. In legal terms, a 1983 claim will not lie because the Plaintiff disagrees with the course, method and timing of medical treatment. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (disagreement with the type or timing of medical

services provided cannot support a 1983 claim); *see also Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

## Excessive Force

To the extent the Plaintiff's complaint can be construed to include a claim for excessive force arising out of his thumb being slammed in a door, it too must fail. An excessive force claim in analyzed under the Eighth Amendment standards. Courts must balance the constitutional rights of prisoners with the needs of officials to effectively use force to maintain order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Not every malevolent touch gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A *de minimis* use of force, however, is insufficient to state a cognizable Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Id. at* 700.

Noticeably absent from the complaint is any allegation that Officer Cage[1] intentionally or maliciously slammed the Plaintiff's thumb in the door. The Plaintiff alleges that he was "mistreated" by Officer Cage but characterizes this as "negligent" conduct rather than sadistic behavior. It is apparent from his complaint that the Plaintiff's hand being slammed in the door was

---

[1] The Plaintiff has not named Officer Cage as a Defendant in this action. It has long been held that an officer's superiors may not be held liable for the actions of subordinates. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) (the doctrine of respondeat superior is inapplicable in 1983 actions).

the result of negligence rather than a deliberate attack or official indifference for his safety. A mere claim of negligence on the part of the prison officials is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996). The Plaintiff has, therefore, failed to state a claim for an Eighth Amendment violation based on the use of excessive force. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). If Plaintiff has stated a claim at all, it would be based purely on a state law negligence theory and is not appropriate for Section 1983 relief.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Sanders is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 12th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE